## MARY HURVAR SABOL
### vs.
## CHARLES ANDREW SABOL

Superior Court          Fairfield County          File #44115

Present:   Hon. CARL FOSTER, Judge.

Reich & Reich,                    Attorneys for the Plaintiff.

Adrian W. Maher,                 Attorney for the Defendant.

### MEMORANDUM FILED FEBRUARY 9, 1935.

FOSTER, J.   The petitioner and the respondent were married on November 19, 1905.   The petitioner is forty-nine years of age.   They have nine children living, of whom five are minors.   These minor children are aged respectively about eight, eleven, thirteen, seventeen and twenty years.   The respondent is a hard-working man in one of the factories of the city of Bridgeport and ever since his marriage has worked at the same factory and has never lost time at work when there was work to be done.   From time to time he has worked nights as a bartender for a club.   He has been thrifty and very zealous in the saving of his money.

So also the petitioner has during the years since her marriage worked hard keeping her home, caring for her family and doing work for which she was paid.   Some of the money that the two parties saved was placed in a savings bank in the name of the petitioner, and some of it was placed in a savings bank in the name of the respondent.   Two Two-family houses were purchased.   One of these houses stands in the name of the petitioner subject to a mortgage, the equity being of the agreed value of $2600.   The other house stands in the name of the respondent subject to a mortgage, the equity being of the agreed value of $4200.   Each of the parties has substantial sums of money deposited in bank and otherwise.

The petitioner and the respondent have quarreled and fought almost every week since they were married.   The respondent has struck the petitioner and the petitioner has struck the respondent at various times.   They continued to live together until the early part of the year 1934 when the petitioner with five of her children, left her husband and has since lived in the house of which she owns the equity.

The respondent was addicted to the use of liquor but never to such an extent as to prevent him from going to his work at the factory. I have no doubt that at times he drank liquor in such quantities as to make him ugly. The petitioner has been at fault and so likewise has been the respondent. Some of the children testify in favor of the petitioner; others testify in favor of the respondent.

I am satisfied that a reconciliation of these two parties is impossible and that if they were to attempt to live together again the quarreling would continue and might result more seriously than it has up to the present time. I am satisfied that the interest of the parties, as well as of the public, requires that these parties be divorced. I find that the respondent has been guilty of intolerable cruelty toward the petitioner. A decree of divorce is granted to the petitioner on the ground of intolerable cruelty.

It is decreed that the respondent pay unto the petitioner as alimony and in support of minor children $10. a week commencing February 18th, 1935 and, in addition thereto, that on or before March 1st, 1935 he pay unto the petitioner the sum of $1750., and it is further decreed that the petitioner shall have the custody of her minor children until they reach their majority.